IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

FILED
SEP 29 2008
STEPHEN R. LUDWIG, Clerk
US DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PERCY PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| THE CITY OF GARY, INDIANA, CORPORAL ANTHONY BLOOD, AND OFFICER IRVING GIVENS, | ) ) ) ) |
| Defendants. | ) ) |

2 08CV 280

**Complaint**

Plaintiff, Percy Perry, by and through his attorneys, LOEVY & LOEVY, complains of Defendants, the City of Gary, Indiana, Corporal Anthony Blood and Officer Irving Givens (collectively, "Defendant Officers"), and alleges as follows:

**Introduction**

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, Plaintiff brings this action after the Defendant Officers beat him so badly that his face was rendered unrecognizable. The only crime the Defendants accused Plaintiff of committing was trying to take a window from an abandoned building. As a result of the beating, Plaintiff's left eye was beaten out its socket and had to be surgically removed.

**Jurisdiction and Venue**

3.  This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

4.  Venue is proper as the Defendant Officers reside in this judicial district and Defendant City of Gary is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

**Background**

5.  Plaintiff Percy Perry is a veteran of the United States Army.  After serving overseas, he was honorably discharged.  Plaintiff is sixty-years old and has lived in Gary, Indiana for the past fifty-five years.

6.  On the afternoon of June 24, 2007, Plaintiff was at an abandoned building on Gary's west side.  Regrettably, Plaintiff proceeded to try to remove a window from the abandoned building for its scrap value.

7.  At that point, Defendant Officers Blood and Givens appeared on the scene.  Upon seeing the police officers, the fifty-nine year-old Plaintiff tried to run away.

8.  After running a short distance, however, Plaintiff fell to the ground and gave himself up. He surrendered to the Defendants and offered no resistance to them.

9. Nevertheless, the Defendant Officers began beating Plaintiff in the head and body.  At one point, Officer Blood intentionally and viciously struck Plaintiff directly in the eye with a weapon.  The force of the beating knocked Plaintiff unconscious.

10. When he awoke, his face was bloody and he could not see.  Paramedics responded to provide him with medical treatment.

11. Plaintiff was transported to Methodist Hospital, where medical personnel immediately noticed the severity of his injuries.  The force of the beating had knocked Plaintiff's left eye out of its socket.  Plaintiff was then rushed by ambulance from Gary to the University of Illinois at Chicago Hospital, where doctors immediately treated him.

12. The damage to Plaintiff's left eye was too great, and he had to have the eye removed.  To date, Plaintiff has had to undergo several surgeries on his eye due to the Defendants' misconduct.

13. Plaintiff underwent excruciating pain and suffering from his injuries.  He was charged with criminal mischief, but that charge was dismissed.

**Legal Claims**

14. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing

3

him damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

15. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

16. As a matter of both policy and practice, the City of Gary directly encourages the very type of misconduct at issue here. In this way, the City of Gary proximately caused the violation of Plaintiff's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

17. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the City of Gary, were able to exist and thrive because municipal policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

18. The widespread practices described in the preceding paragraphs were allowed to flourish because the City of Gary declined to implement sufficient training and/or any legitimate mechanism for oversight or punishment. Indeed, the City of Gary's system for investigating and disciplining police officers accused of misconduct was, and is, for all practical

purposes, nonexistent. As a result, officers are led to believe that they can act with impunity, thereby encouraging the very type of abuses which befell Plaintiff.

19. The Defendant Officers' conduct also constitutes state law malicious prosecution in that they maliciously caused Plaintiff to be prosecuted for a crime he did not commit, all without probable cause.

20. All of the Defendants' interactions with Plaintiff were undertaken under color of law, and within the scope of their employment.

21. Because each of the Defendants acted within the scope of their employment, the City of Gary is therefore liable as their employer for any resulting damages and award of attorneys' fees.

WHEREFORE, Plaintiff, PERCY PERRY, respectfully requests that this Court enter judgment in his favor and against Defendants, Corporal Anthony Blood, Officer Irving Givens, and the City of Gary, Indiana, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, PERCY PERRY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Mazur
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900