UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PERCY PERRY,          )<br>    Plaintiff,    )<br>                              )<br>v.                            )<br>                              )<br>THE CITY OF GARY, INDIANA,    )<br>CORPORAL ANTHONY BLOOD, AND   )<br>OFFICER IRVING GIVENS,        )<br>    Defendants.    ) | CAUSE NO.: 2:08-CV-280-JVB-PRC |

## ORDER

This matter is before the Court on a Plaintiff's Motion to Compel Discovery [DE 16], filed by Plaintiff on April 15, 2009. Defendants have failed to respond to the instant Motion and the time to do so has passed.

Plaintiff represents that he propounded Plaintiff's First Set of Requests for Production to Defendant City of Gary, First Set of Requests for Production to Defendant Officers Blood and Givens, First Set of Interrogatories to Defendant City of Gary, and First Set of Interrogatories to Defendants Blood and Givens on February 10, 2009. Plaintiff represents that, to date, Defendants have failed to respond to any of the requested discovery.

Plaintiff filed a Certification Pursuant to Local Rule 37.1(c), as required by Local Rule 37.1, in which counsel for Plaintiff represents that she has attempted to confer with Defendants to resolve the outstanding discovery and that such good faith attempts have failed. Counsel for Plaintiff represents that she conferred with counsel for Defendants via letter on March 12, 2009, and March 24, 2009, as well as via telephone on March 23, 2009. Further, counsel for Plaintiff attempted to confer with counsel for Defendant via telephone on March 27, 2009. Counsel for Plaintiff has provided copies of the March 12 and 24, 2009 letters.

Rule 37(a) of the Federal Rules of Civil Procedure, in part, provides:
If the motion [to compel] is granted–or if the disclosure or requested discovery is

provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

Having reviewed the Motion, the Court hereby **GRANTS** the Plaintiff's Motion to Compel Discovery [DE 16]. The Court **ORDERS** Defendants to respond and serve upon Plaintiff their responses to Plaintiff's First Set of Requests for Production to Defendant City of Gary, First Set of Requests for Production to Defendant Officers Blood and Givens, First Set of Interrogatories to Defendant City of Gary, and First Set of Interrogatories to Defendant Officers Blood and Givens on or before **May 20, 2009**. The Court further **ORDERS** Defendant Givens to clarify whether his answers are included in Defendant Blood's response to Plaintiff's Requests to Admit by **May 20, 2009.**

SO ORDERED this 5th day of May, 2009.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record.