# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| PERCY PERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-280-JVB-PRC |
| | ) | |
| THE CITY OF GARY, INDIANA, | ) | |
| CORPORAL ANTHONY BLOOD, AND | ) | |
| OFFICER IRVING GIVENS, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Second Motion to Compel Discovery and Enforce the Court's Order of May 5, 2009 [DE 18], filed by Plaintiff on June 29, 2009. Defendants have failed to respond to the instant Motion and the time to do so has passed.

Plaintiff represents that he propounded Plaintiff's First Set of Requests for Production to Defendant City of Gary, First Set of Requests for Production to Defendant Officers Blood and Givens, First Set of Interrogatories to Defendant City of Gary, and First Set of Interrogatories to Defendants Blood and Givens on February 10, 2009.

On May 5, 2009, the Court issued an Order granting Plaintiff's prior Motion to Compel Discovery and ordered the Defendants to respond and serve upon Plaintiff their responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories to the Defendants on or before May 20, 2009. Plaintiff represents that Defendant Officers Blood and Givens have not responded to any of the discovery propounded by Plaintiff. Further, Plaintiff represents that Defendant City of Gary's response to the Requests for Production is deficient.

Plaintiff filed a Certification Pursuant to Local Rule 37.1(c), as required by Local Rule 37.1, in which counsel for Plaintiff represents that she has attempted to confer with Defendants to resolve the outstanding discovery requests and that such good faith attempts have failed. Counsel for Plaintiff represents that the May 20, 2009 deadline passed without Defendant Officers Givens and Blood

responding to the discovery requests. On May 21 and 22, 2009, counsel for Plaintiff represents that she telephoned and wrote to counsel for Defendants regarding the outstanding discovery and counsel for Defendants responded in a May 22, 2009 letter, indicating that he had been unable to schedule a time for Defendant Givens to meet with him and answer the Interrogatories, and that he had not yet requested all responsive documents from the Gary Police Department. Counsel for Plaintiff represents that on May 26, 2009, Defendant City of Gary provided its responses to the First Set of Requests for Production, but that it disclosed almost no documents that were responsive to the Requests. Further, Defendant raised several objections to the Requests. On June 15, 2009, counsel for Plaintiff wrote a letter to counsel for Defendants regarding the deficiencies in the Defendant City of Gary's response to Plaintiff's First Set of Requests for Production and requested a response by June 20, 2009, or Plaintiff would assume that Defendant City of Gary was relying on its stated objections. Defendant City of Gary did not respond to the letter. Counsel for Plaintiff has provided copies of the May 22, 2009, and June 15, 2009 letters, as well as Defendant City of Gary's Response to Plaintiff's First Request for Production.

In the instant Motion, Plaintiff requests that the Court deem waived any objections by Defendant Officers Blood and Givens to Plaintiff's First Set of Requests for Production and Interrogatories, enforce the May 6, 2009 Order, order Defendant City of Gary to supplement its responses to Plaintiff's First Set of Requests for Production Nos. 5 through 8, 10 through 14, 16, 20, 22, 23, 26, and 29 through 34, and produce responsive documents, and award Plaintiff reasonable expenses incurred in filing his motions to compel. The Court addresses each in turn.

**A. Request that the Defendant Officers' Objections to the Discovery Requests be Waived**

In the instant Motion, Plaintiff argues that the Defendant Officers' delay in failing to respond to Plaintiff's discovery requests has prejudiced Plaintiff by forcing him to conduct depositions of the Defendant Officers without their interrogatory answers and accompanying documents. Further, Plaintiff argues that he has been forced to litigate this case without the discovery responses and needs the

outstanding discovery responses so that he can provide this information to his expert for review. Accordingly, Plaintiff argues that because the Defendant Officers have not responded to the discovery requests, propounded on February 10, 2009, they have waived any objections.

"Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted." *Autotech Tech. Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006). Because Defendant Officers Blood and Givens have failed to timely object to Plaintiff's propounded discovery, either within 30 days of being served with the discovery requests or by the Court ordered May 20, 2009 deadline, the Court finds that Defendant Officers Blood and Givens have waived all objections to Plaintiff's First Set of Requests for Production and Interrogatories. *See Stelor Productions, Inc. v. Oogles N Googles*, No. 1:05-cv-0354-DFH-TAB, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) (finding that a party waived its objections to discovery requests where the party failed to timely object and disregarded a court-ordered deadline to respond); Fed. R. Civ. P. 33(b)(4) (providing that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); Fed. R. Civ. P. 34(b)(2)(A) (providing that "[t]he party to whom the request is directed must respond in writing within 30 days after being served").

**B. Request for Defendant City of Gary to Supplement its Responses**

Plaintiff argues that Defendant City of Gary inadequately responded to his First Set of Requests for Production and requests that the Court order the City of Gary to respond to Plaintiff's Requests.

While Defendants have failed to file a response brief to the instant Motion, Defendant City of Gary objected to many of the Requests in its Response to Plaintiff's First Request for Production. Accordingly, the Court will evaluate each in turn.

*1. Request for Production No. 5*

In Plaintiff's Request for Production No. 5, Plaintiff requests all documents comprising any kind of communication relating to this case, including all communications between (a) any of the Defendants

3

and the Plaintiff, (b) other law enforcement agencies, including the Lake County Sheriff's Department, (c) with the Lake County Prosecutor's Office, (d) with the Gary Fire Department, and (e) with any witnesses to the events described in the Complaint. In response to this Request, Defendant objected on the basis that the information sought is protected from disclosure under the attorney-client privilege and that the Request is unduly burdensome. Nonetheless, Defendant City of Gary produced a letter to the Internal Affairs Division and an Internal Affairs Complaint Form. Further, Defendant City of Gary provided that there are no responsive documents related to the Lake County Prosecutor's Office or Gary Fire Department.

With regard to Defendant City of Gary's objection on the basis of the attorney-client privilege, the Court notes that "[s]ince it makes the search for truth more difficult by preventing disclosure of what is often exceedingly relevant information, it is strictly construed and is limited to those instances where it is necessary to achieve its purposes." *In re Sulfuric Acid Antitrust Litigation*, 435 F.R.D. 407, 414 (N.D. Ill. 2006). The privilege extends to confidential communications between a client and a lawyer "[w]here legal advice of any kind is sought . . . from a professional legal advisor in his capacity as such." *Id.* (quoting *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000)). This privilege is limited to situations where the attorney is acting as a legal advisor. *Id.* at 415. Aside from generally invoking the attorney-client privilege, Defendant City of Gary does not explain how this privilege applies. The remaining information that Plaintiff seeks under this Request consists of communications between Defendants and Plaintiff, the Lake County Sheriff's Department, the Gary Police Department, and/or the Defendants and any witnesses. Defendant City of Gary has not addressed how any of these communications involved legal advice and has provided no specific grounds for applying the privilege. Because the attorney-client privilege is strictly construed, the Court finds that Defendant City of Gary has failed to show that this privilege properly applies to the communications sought by Plaintiff.

Similarly, aside from generally objecting on the grounds that this Request is unduly burdensome, Defendant City of Gary has failed to demonstrate that this Request is unduly burdensome. Accordingly,

the Court grants the Motion to Compel responses to Request No. 5, to the extent that such responsive documents exist.

*2. Requests for Production Nos. 6, 7, 8, and 11*

In Plaintiff's Requests for Production Nos. 6, 7, 8, and 11, Plaintiff requests the personnel files, record of prior convictions and arrests, prior lawsuits, citizen complaint or misconduct files, of the Defendant Officers and citizen complaints against officers who have been partners with them, all for the past ten years. Defendant City of Gary objects to the Requests on the grounds of being irrelevant (No. 6), overly broad (Nos. 6, 7, 11), vague (No. 7), unduly burdensome (Nos. 7, 8, 11), not likely to lead to the discovery of admissible evidence (No. 6 and 11), protected by the attorney-client privilege (No. 8), and confidential and privileged (No. 11). Plaintiff argues that the City of Gary's objections that these Requests are over broad and irrelevant are unfounded and that the information is reasonably calculated to lead to the discovery of admissible evidence and as impeachment evidence.

Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). To the extent that Defendant City of Gary objects to Request No. 6 as requesting information that is irrelevant, "[n]umerous courts have held that the personnel files and complaint histories of defendant officers *are relevant* in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality." *Vodak v. City of Chicago*, No. 03 C 2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) (emphasis added). Request No. 6 requests personnel files and complaints, as well as other files, relating to any of the Defendant Officers. The Court finds that these documents are relevant to Plaintiff's § 1983 and *Monell* claim against the City of Gary and likely to lead to the discovery of admissible evidence. The Court makes the same finding regarding Request No. 11, which requests complaints alleging misconduct and whether any discipline was imposed against officers who were partners with the Defendant Officers. *See Scaife v. Boenne*, 191 F.R.D. 590, 596 (N.D. Ind. 2000) (providing that information of complaints lodged against other officers is relevant where the

5

municipality is made a defendant to a claim).

Next, regarding Defendant City of Gary's objection to the Requests as being overly broad (Nos. 6, 7, 11) and vague (No. 7), Request No. 6 requests "all files maintained by the Department" relating to the Defendant Officers and other officers who interacted with Plaintiff on June 24, 2007, which does appear to be overly broad and vague. Accordingly, the Court will compel responses to Request No. 6 only to the extent that Plaintiff requests personnel files, training records, and complaints against the Defendant Officers and other officers who interacted with Plaintiff on June 24, 2007.

Nonetheless, Request No. 7 specifically requests all documents related to any complaint against the Defendant Officers, and other responding officers, and whether any discipline was imposed. Further, Request No. 11 requests similar documents, but regarding officers who have been partners with the Defendant Officers, and other responding officers, over the past 10 years. The Court finds that Request Nos. 7 and 11 are not vague or overly broad.

Next, regarding Defendant City of Gary's objection that Requests Nos. 7, 8, and 11 are unduly burdensome, "if a party is to resist discovery as unduly burdensome, it must 'adequately demonstrate the nature and extent of the claimed burden' by making a 'specific showing as to how disclosure of the requested documents and information would be particularly burdensome.'" *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04-CV-477, 2007 WL 1164970, at *4 (N.D. Ind. April 17, 2007). Aside from making the broad assertion that the requested information is unduly burdensome, Defendant City of Gary has failed to provide reasons why the Requests are unduly burdensome. The City of Gary's burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *McGrath v. Everest Nat. Ins. Co.*, No. 2:07 cv 34, 2008 WL 2518710, at *10 (N.D. Ind. June 19, 2008).

Finally, regarding Defendant City of Gary's objection that the requested information is protected by the attorney-client privilege (No. 8) and is confidential and privileged (No. 11), Defendant City of

Gary has solely made general objections and has not explained how the requested material is confidential or covered by any privilege. A party asserting that a privilege applies protecting materials from discovery has the burden of proving that all of the privilege's elements are satisfied. *Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *7 (N.D. Ill. Aug. 10, 2007). Defendant City of Gary has not done so here.

Therefore, the Court grants the Motion to Compel responses to Request No. 6, subject to the limitations stated above, and to Requests Nos. 7, 8, and 11.

*3. Requests for Production Nos. 10 and 14*

Request for Production No.10 requests all statements, reports, and notes taken by any Gary police officers relating to the incident described in the Complaint. Defendant City of Gary objects to this Request under the attorney-client privilege, attorney work product, and immunities afforded by law. However, other than making the general allegation that the information sought is protected under the attorney-client privilege, attorney work product, and other, unspecified, immunities, Defendant City of Gary has failed to explain how these privileges and immunities apply. Accordingly, the Court grants the Motion to Compel as to Request No. 10.

Next, Request No. 14 seeks documents relating to any internal affairs file or any such investigation related to any incidents described in the Complaint. Defendant City of Gary objects on the basis of the attorney-client privilege, the work product doctrine, and other, unspecified, privileges and immunities. However, Defendant City of Gary fails to explain how such privileges and immunities apply. Further, the City of Gary objects on the basis that the Request is over broad and unduly burdensome, but fails to provide reasons why the Request is over broad or unduly burdensome. Accordingly, the Court grants the Motion to Compel as to Request No. 14.

*4. Request for Production No. 20*

Request for Production No. 20 requests documents relating to department policies, manuals, guides, and rules that were in effect in June 2007 relating to the use of force, batons, and the

7

investigation of civilian complaints of excessive force. Defendant City of Gary objects to this Request as being over broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and as invading the privacy interests of Defendant's employees. The Court finds that the requested documents are relevant to whether the City of Gary maintained a policy or custom and is likely to lead to the discovery of admissible evidence on Plaintiff's *Monell* claim. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality is only liable for injuries caused by acts of its employees under a § 1983 claim when the employees acted pursuant to a "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy"). Further, the objections based on the Request being over broad and unduly burdensome are rejected for failure to articulate any reasoning in support of the objections.

Regarding the objection based on the privacy interests of Defendant City of Gary's employees, courts have recognized that an individual possesses an interest against disclosure of matters of personal concern. *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D. Ill 2008). In considering a party's privacy concerns, the Court must consider whether Plaintiff has a compelling need for discovery and whether that need outweighs the privacy rights at issue. *Id.* Here, although the Defendant City of Gary generally alleges that this Request invades the privacy interests of its employees, it has not articulated any basis supporting that the requested documents contain private information and fails to provide the Court with facts supporting that privacy concerns are raised by this Request. Therefore, the Court is unable to determine that privacy concerns exist. Accordingly, the Court grants the Motion to Compel as to Request No. 20.

Additionally, Plaintiff requests a response as to whether the document produced by Defendant City of Gary (one document regarding the use of force) is the only responsive document on the use of force and whether the City of Gary has any other responsive documents. The Court orders Defendant City of Gary to respond to Plaintiff's inquiry.

*5. Requests for Production Nos. 29 through 34*

Requests for Production of Documents Nos. 29 through 34 request information pertaining to citizen complaints, including the investigations thereof, or lawsuits alleging excessive force by the Defendant Officers and all Gary Police Officers. Defendant City of Gary objects to these Requests on grounds that they are over broad, vague, irrelevant, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and that the requested information invades the privacy interests of the Gary Police Officers.

Regarding Defendant City of Gary's objections on the basis of the Requests being over broad, vague, unduly burdensome, and oppressive, the Court reiterates that "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence," is not enough for the City of Gary to meet its burden to show the Requests are over broad, vague, unduly burdensome, and oppressive. *McGrath*, 2008 WL 2518710, at *10. As with the objections posed to the other Requests for Production that have been addressed in this Opinion and Order, aside from making general objections, Defendant City of Gary has failed to provide reasoning supporting that these objections apply.

Further, regarding the objection that the instant Requests are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, the information regarding complaints of excessive force against the Defendant officers and all other Gary Police Officers, including documents related to any investigation of such complaints, and training provided to investigators of such complaints is directly relevant to Plaintiff's § 1983 and *Monell* claims. *See Manzella v. Village of Bridgeview*, No. 01 C 8202, 2004 WL 1794923, at *5 (N.D. Ill. Aug. 9, 2004) (discussing that a municipality can be liable under section 1983 for failure to train if the plaintiff can prove that the deficient training program caused plaintiff's injury and "the failure to train amounts to 'deliberate indifference' to the rights of persons with whom the police come into contact"); *Scaife*, 191 F.R.D. at 595 (providing that complaint records regarding all police officers in a department are relevant when a municipality is named in an

9

excessive force claim); *Kreilkamp v. City of Watertown, WI*, No. 99-C-0586-C, 2000 WL 34228195, at *19 (W.D. Wis. Nov. 27, 2000) (discussing that in a *Monell* claim, a plaintiff must prove that the municipality had a policy or practice that the employee's actions were taken pursuant to, such that the municipality was the moving force behind the alleged injury). Accordingly, the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence.

Further, the objection that the Requests violate the privacy interests of the Gary Police Officers, and employees and agents, past and present, Defendant City of Gary has not articulated any basis supporting that the requested documents contain private information and fails to provide the Court with facts supporting that privacy concerns are raised by these Requests. Therefore, the Court is unable to determine that privacy concerns exist.

Accordingly, finding that none of Defendant City of Gary's objections have been properly invoked, the Court grants the Motion to Compel as to Requests for Production Nos. 29 through 34.

*6. Requests for Production Nos. 12, 13, 26, and Nos. 22, 23*

Requests Nos. 12 and 13 request transcripts, tape recordings, radio transmissions, print-outs and logs related to the incidents described in the Complaint. Defendant City of Gary responded that it is not certain if these documents exist and that it has forwarded a request to the Police Department to produce such documents if they are available. Request Nos. 22 and 23 request documents related to psychological testing or screening regarding the Defendant Officers and other officers who interacted with Plaintiff on the date that the incidents alleged in the Complaint occurred. Defendant City of Gary responded that it will supplement these Requests when the information is made available by the Police Department. Request No. 26 requests copies of any photographs or videos taken of Plaintiff. Defendant City of Gary responded that it is not certain if these documents exist and that it has forwarded a request to the Police Department to produce such documents if they are available.

Plaintiff argues that these responses are insufficient and do not amount to a response at all. Defendant City of Gary "cannot be compelled to produce documents where no such documents exist."

10

*BASF Catalysts LLC v. Aristo, Inc.*, Cause No. 2:07-cv-222, 2009 WL 187808, at *8 (N.D. Ind. Jan. 23, 2009). Federal Rule of Civil Procedure 26(e) provides that:

> A party who has . . . responded to . . . [a] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."

Fed. R. Civ. P. 26(e). Defendant City of Gary served its responses to Plaintiff on May 26, 2009, and, to date, has not supplemented its responses to indicate if the requested documents exist and whether the information has been made available by the Police Department. Accordingly, the Court orders the Defendant City of Gary to supplement its responses and indicate whether the requested documents exist, whether the information has been made available by the Police Department, and, to the extent that such documents exist, the Court grants the Motion to Compel as to Request Nos. 12, 13, 22, 23, and 26.

*7. Request For Production No. 16*

Request No. 16 seeks copies of any insurance policies which might provide coverage for any of the events described in Plaintiff's Complaint. Defendant responded "See enclosed generic letter of self-insurance." Pl.'s Second Mot. To Compel, Ex. E at 6. Plaintiff represents that no such document has been provided. Accordingly, the Court grants the Motion to Compel as to Request No. 16.

### C. Plaintiff's Request for Expenses Incurred

In the instant Motion, Plaintiff represents that because of the months of delay in receiving the requested discovery from Defendants, Plaintiff has been forced to expend resources on filing motions. Accordingly, Plaintiff requests reasonable expenses incurred in filing his motions to compel.

Rule 37(a) of the Federal Rules of Civil Procedure, in part, provides:

> If the motion [to compel] is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A). The Court finds that Plaintiff has complied with Rule 37's requirements to attempt in good faith to resolve the discovery dispute. Therefore, the Court grants the Motion to Compel to the extent that it requests reasonable expenses.

## CONCLUSION

Having reviewed the Motion, the Court hereby **GRANTS** the Plaintiff's Second Motion to Compel Discovery and Enforce the Court's Order of May 5, 2009 [DE 18]. The Court hereby **ORDERS:**

(1) Defendant Officers Blood and Givens to respond and serve upon Plaintiff their responses to Plaintiff's First Set of Requests for Production to Defendant Officers Blood and Givens and First Set of Interrogatories to Defendant Officers Blood and Givens on or before **August 15, 2009**;

(2) Defendant City of Gary to supplement its responses to Plaintiff's First Set of Requests for Production Nos. 5, 7, 8, 10 through 14, 16, 20, 22, 23, 26, and 29 through 34 and produce responsive documents;

(3) Defendant City of Gary to supplement its responses to Plaintiff's First Set of Requests for Production No. 6, to the extent that the Request seeks personnel files, training records, and complaints against the Defendant Officers and other officers who interacted with Plaintiff on June 24, 2007, and produce responsive documents;

(4) Defendant City of Gary respond as to whether the document produced by it (one document regarding the use of force) is the only responsive document on the use of force and whether the City of Gary has any other responsive documents.

The Court **GRANTS** Plaintiff's request for reasonable expenses incurred in filing his Motions to Compel and **ORDERS** Plaintiff to file an affidavit detailing his itemization of costs and fees related to the

Motions.

SO ORDERED this 27th day of July, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record.