# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PERCY PERRY, )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>THE CITY OF GARY, INDIANA, )<br>CORPORAL ANTHONY BLOOD, AND )<br>OFFICER IRVING GIVENS, )<br>    Defendants. ) | CAUSE NO.: 2:08-CV-280-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for a Rule to Show Cause, to Compel Discovery, and for an Extension of Time [DE 26], filed on October 8, 2009. Defendants have failed to respond to the instant Motion and the time to do so has passed.

Plaintiff represents that he propounded Plaintiff's First Set of Requests for Production to Defendant City of Gary, First Set of Requests for Production to Defendant Officers Blood and Givens, First Set of Interrogatories to Defendant City of Gary, and First Set of Interrogatories to Defendants Blood and Givens on February 10, 2009.

On May 5, 2009, the Court issued an Order granting Plaintiff's prior Motion to Compel Discovery and ordered the Defendants to respond and serve upon Plaintiff their responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories to the Defendants on or before May 20, 2009. Further, on July 27, 2009, the Court issued an Opinion and Order requiring Defendant Officers Blood and Givens to respond and serve upon Plaintiff their responses to Plaintiff's First Set of Requests for Production to Defendant Officers Blood and Givens and First Set of Interrogatories to Defendant Officers Blood and Givens by August 15, 2009, Defendant City of Gary to supplement its responses to a number of Plaintiff's First Set of Requests for Production and produce responsive documents, Defendant City of Gary to supplement its responses to Plaintiff's First Set of Requests for

Production No. 6, to the extent that the Request seeks personnel files, training records, and complaints against the Defendant Officers and other officers who interacted with Plaintiff on June 24, 2007, and produce responsive documents, and Defendant City of Gary respond as to whether the document produced by it regarding the use of force is the only responsive document on the use of force and whether the City of Gary has any other responsive documents.

In the instant Motion, Plaintiff represents that by August 15, 2009, none of the Defendants complied with either of the Court's Orders. Plaintiff filed a Certification Pursuant to Local Rule 37.1(c), as required by Local Rule 37.1, in which counsel for Plaintiff represents that she has attempted to confer with Defendants to resolve the outstanding discovery requests and that such good faith attempts have failed. In particular, counsel for Plaintiff represents that she wrote to counsel for the Defendants on August 24, 2009, regarding the outstanding discovery and requested a response by August 28, 2009. By August 28, 2009, Defendants still had not complied with the Court's Orders, prompting counsel for Plaintiff to attempt to contact counsel for Defendants via telephone on September 3 and 8, 2009, and leave voice messages. Further, on September 9, 2009, counsel for Plaintiff wrote to counsel for Defendants and offered to forgo production of documents related to Plaintiff's *Monell* claim against the City of Gary if the City would stipulate to *Monell* liability should Plaintiff prove a constitutional violation by one or more of the individual Defendant Officers. Plaintiff requested a response by September 16, 2009, but Defendants failed to do so. On September 10 and 14, 2009, counsel for Plaintiff wrote to counsel for Defendants regarding the City of Gary's responses to Plaintiff's First Set of Interrogatories, indicating that the answers and objections were deficient. On September 29, 2009, Plaintiff's counsel represents that she received a voice message from counsel for Defendants cancelling a deposition that had previously been scheduled and failed to respond to the overdue discovery. Counsel for Plaintiff represents that on October 5, 2009, she again attempted to contact counsel for the Defendants via telephone and left another voice message, but received no

response.

Plaintiff represents that despite the Court's May 5, 2009, and July 27, 2009 Orders, Defendants Blood and Givens have failed to respond to any of the Interrogatories or Requests for Production propounded by the Plaintiff, and the Defendant City of Gary has failed to supplement its responses or produce responsive documents as ordered by this Court. The Defendants have failed to explain their failure to comply.

Further, Plaintiff represents that Defendant City of Gary's response to Plaintiff's First Set of Interrogatories and Request for Production No. 19 is deficient.

In the instant Motion, Plaintiff requests that the Court enforce its May 5, 2009, and July 27, 2009 Orders by requiring Defendants to show cause why they have not complied with these Orders, compel Defendant City of Gary to supplement its responses to Interrogatories Nos. 6, 7, 9, and 12-17, and Request for Production No. 19, and extend the expert discovery deadline. The Court addresses each in turn.

**A. Request for Defendant City of Gary to Supplement its Responses**

Plaintiff argues that Defendant City of Gary inadequately responded to Plaintiff's First Set of Interrogatories Nos. 6, 7, 9, and 12 through 17, and Plaintiff's First Set of Requests for Production No. 19, and requests that the Court order the City of Gary to supplement its responses to these Interrogatories and the Request.

While Defendants have failed to file a response brief to the instant Motion, Defendant City of Gary objected to many of the Interrogatories and Requests in its Response to Plaintiff's First Set of Interrogatories and First Request for Production. Accordingly, the Court will evaluate each in turn.

*1. Interrogatory No. 6*

In Plaintiff's First Set of Interrogatories No. 6, Plaintiff requests that Defendant identify any documents that have been requested in Plaintiff's discovery requests that have been destroyed,

3

discarded, or lost, and explain the circumstances of their destruction, including identifying the identities of all persons involved and who have knowledge of the content of the document. The Defendant City of Gary responded to this Interrogatory by providing that it does not reasonably know what documents may have been lost or destroyed in each record keeping department such as Police or Personnel.

Plaintiff alleges that the City of Gary's response is deficient because it has an obligation to investigate and determine whether any of the requested documents have been lost, destroyed, or discarded, and if so, explain the circumstances. Accordingly, Plaintiff requests that the Court order the City of Gary to supplement its response and provide what efforts it has made to investigate whether any requested documents have been lost, discarded, or destroyed, and identify any such documents and explain the circumstances surrounding their loss, discard, or destruction.

Under the Federal Rules of Civil Procedure, parties to any litigation have the duty to preserve documents commensurate with the scope of discovery allowed under Rule 26. *Larson v. Bank One Corp.*, No. 00 C 2100, 2005 WL 4652509, at *10 (N.D. Ill. Aug. 18, 2005). While a party does not have to go through extraordinary measures to preserve all potential evidence, it still "must preserve evidence that it has notice is reasonably likely to be the subject of a discovery request even before a request is actually received." *Wiginton v. Ellis*, No. 02 C 6832, 2003 WL 22439865, at *4 (N.D. Ill. Oct. 27, 2003). This notice may be received before a complaint is filed if a party knows that litigation is likely to begin, or after the complaint, where the complaint alerts the party that certain information is likely to be sought in discovery. *Id.* Accordingly, the City of Gary has the obligation to preserve evidence that is relevant to this case and reasonably likely to be requested by the Plaintiff. Given this obligation, the City of Gary must determine if any of the documents requested by the Plaintiff's discovery requests, to the extent that such documents exist or have existed, have since been lost, discarded, or destroyed. The response that the City of Gary provided in response to Interrogatory No.

4

6 does not indicate what, if any, effort it has expended in determining whether any such documents have been lost, discarded, or destroyed.

Accordingly, the Court grants the instant Motion to the extent that it requests that the City of Gary supplement its response to Interrogatory No. 6 to indicate what efforts, if any, it has made to investigate whether any requested documents have been lost, discarded, or destroyed, and if any such documents were lost, discarded, or destroyed, an identification of those documents and an explanation of the attendant circumstances.

*2. Interrogatory No. 7*

In Plaintiff's First Set of Interrogatories No. 7, Plaintiff requests information regarding criminal convictions relating to any of the claims or defenses of the instant action, as well as parties or witnesses to this action, and requests that the Defendant City of Gary identify a witness who has been convicted, the nature of the conviction, and a factual basis underlying why the conviction is admissible under Federal Rule of Evidence 609. In response to the Interrogatory, Defendant City of Gary objected on the grounds of attorney work-product and provided that any matter bearing on the Plaintiff's credibility, trustworthiness, and veracity is admissible as long as it does not violate Rule 609.

First, with regard to the City of Gary's objection based on the attorney work-product doctrine, a party asserting that a privilege applies protecting materials from discovery has the burden of proving that all of the privilege's elements are satisfied. *Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *7 (N.D. Ill. Aug. 10, 2007). Under the attorney work product doctrine, materials prepared in anticipation of litigation are protected from disclosure. *Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 408 (N.D. Ill. 2001). To establish that the work product doctrine applies, the party opposing discovery must establish that the materials sought to be protected were prepared in anticipation of litigation. *Id.* at 409. Here, other than generally invoking the work product doctrine,

5

the City of Gary has failed to explain how this doctrine applies or what materials were prepared in anticipation of litigation, and there is no indication from the Interrogatory that the information sought relates to materials prepared in anticipation of litigation. Accordingly, the City of Gary has failed to show that this doctrine applies to the requested information.

Next, the City of Gary's response that Plaintiff's credibility, trustworthiness, and veracity is admissible so long as it does not violate Federal Rule of Evidence 609 is not responsive to the information that Plaintiff requests in the Interrogatory. Plaintiff specifically requests information related to the criminal convictions of parties or witnesses to this action. In the City of Gary's response, it fails to address whether any such convictions exist for the other parties or witnesses to this action. Accordingly, the Court finds that its response is incomplete and the proper remedy for the disclosure of incomplete answers is an order compelling discovery. *Humphrey v. Burgos*, No. 2:06 cv 45, 2007 WL 1341045, at *2 (N.D. Ind. May 3, 2007). Therefore, the Court grants the instant Motion to the extent that it requests that Defendant City of Gary supplement its response to Interrogatory No. 7 by identifying specific convictions of any party or witness that it intends to refer to at trial.

*3. Interrogatories Nos. 9 and 17*

In Plaintiff's First Set of Interrogatories No. 9, Plaintiff requests that the City of Gary describe the entire factual basis or bases supporting its affirmative defenses, including whether there is any physical, documentary, or testimonial evidence supporting the defense of immunity. The information that Plaintiff seeks is discoverable under the discovery standard, which permits litigants to obtain discovery on information that is relevant to any party's claim or defense. *Jones v. Hamilton County Sheriff's Dept.*, Cause No. IP 02-0808-C-H/K, 2003 WL 21383332, at *9 (S.D. Ind. June 12, 2003). Defendant City of Gary responded by objecting that the requested information is protected by the attorney-client and work product privileges. Further, the City of Gary referred the Plaintiff to its Rule

6

26(a)(1) disclosures.

With regard to the privilege defenses raised by the City of Gary, as already noted in this Opinion and Order, it is the City's burden to show that the privileges' elements are satisfied. Other than generally invoking the work product doctrine, the City of Gary again fails to articulate how this doctrine applies or what materials were prepared in anticipation of litigation. Further, regarding the attorney-client privilege, the Court notes that "[s]ince it makes the search for truth more difficult by preventing disclosure of what is often exceedingly relevant information, it is strictly construed and is limited to those instances where it is necessary to achieve its purposes." *In re Sulfuric Acid Antitrust Litigation*, 435 F.R.D. 407, 414 (N.D. Ill. 2006). The privilege extends to confidential communications between a client and a lawyer "[w]here legal advice of any kind is sought . . . from a professional legal advisor in his capacity as such." *Id.* (quoting *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000)). This privilege is limited to situations where the attorney is acting as a legal advisor. *Id.* at 415. Aside from generally invoking the attorney-client privilege, Defendant City of Gary does not explain how this privilege applies and has not indicated that any of the requested information in Interrogatory No. 9 involves legal advice. Because the attorney-client privilege is strictly construed, the Court finds that Defendant City of Gary has failed to show that this privilege properly applies to the information requested in Interrogatory No. 9.

While the Court does not have the City of Gary's Rule 26(a)(1) disclosures before it, upon review of the Affirmative Defenses raised in its Answer, the Court notes that the City of Gary has failed to provide factual bases for its Affirmative Defenses. Therefore, the Court grants the instant Motion to the extent that Plaintiff requests that the City of Gary supplement its response to Interrogatory No. 9.

Next, in Interrogatory No. 17, Plaintiff requests information related to the facts supporting each of the Defendant's denials to the Plaintiff's First Set of Requests to Admit to all of the Defendants and

7

documents and witnesses supporting the denials. In response, the City of Gary directed the Plaintiff to its Rule 26(a)(1) disclosures and the Arrest Report and Information filed against the Plaintiff. These documents have not been provided to the Court. Accordingly, the Court is unable to review these documents to determine if any are responsive to the information requested by Interrogatory No. 17. Therefore, the Court is unable to determine if the City of Gary needs to supplement its response and denies the Motion to the extent that it requests the City of Gary to supplement its response to Interrogatory No. 17.

*4. Interrogatory No. 12*

In Plaintiff's First Set of Interrogatories No. 12, Plaintiff requests that the City of Gary identify the policymaker(s), with final or delegated policymaking authority, responsible for the Gary Police Department's policies and practices related to the use of force, use of batons, and investigation of citizen complaints of excessive force against City of Gary police officers. Defendant City of Gary responded by objecting that the Interrogatory is vague, over broad, and seeks speculative responses about the inner workings of the policymakers of the City of Gary. Regarding these objections, the City of Gary's burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *McGrath v. Everest Nat. Ins. Co.*, No. 2:07 cv 34, 2008 WL 2518710, at *10 (N.D. Ind. June 19, 2008). The City of Gary fails to articulate how the Interrogatory is vague, over broad, or seeks speculative evidence.

Further, the City of Gary provided that the Gary Civil Service Commission in conjunction with the Chief of Police are "principally responsible" for the policies and procedures and rules governing a police officer's conduct. Mot. to Compel, Ex. F at 4. The information requested through Interrogatory No. 12 is relevant to Plaintiff's *Monell* claim as Plaintiff must prove that the alleged

constitutional violations were caused by a custom, policy, or practice of the City of Gary. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978). Actions of a person with "final policymaking authority" are treated as a municipal custom or policy. *Looper Maintenance Serv. Inc. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999). Interrogatory No. 12 requests information related to policymakers with *final* and/or delegated policymaking authority. However, the City of Gary only identified entities that are "principally responsible" for policies and procedures and rules governing police officers' conduct. Whether the Chief of Police and Gary Civil Service Commission are "principally responsible" for policies and procedures and rules governing conduct does not address the information that Plaintiff requests in Interrogatory No. 12, namely, the individuals with *final* or *delegated* policymaking authority. Accordingly, the Court finds that the City of Gary's response is deficient and grants the Motion to the extent that Plaintiff requests the Defendant to supplement its response by identifying individuals with final policymaking authority on the policies described in Interrogatory No. 12, and individuals with final policymaking authority who have delegated that authority, as well as the identities of delegee(s).

*5. Interrogatories Nos. 13, 14, 15, and 16*

In Plaintiff's First Set of Interrogatories Nos. 13, 14, 15, and 16, Plaintiff requests information related to training provided to Gary Police Department employees on the use of force, use of batons, investigation of civilian complaints of excessive force against Gary police officers, changes made to the Gary Police Department's policies, practices, and training related to the use of force, batons, and investigation of civilian complaints of excessive force, steps taken by final policymakers to prevent problems related to the use of force or investigation of such civilian complaints, and whether any Gary police officers accused of using excessive force during the relevant time period were prosecuted criminally or referred for prosecution as a result of allegations of excessive force. Defendant City of Gary objected to these Interrogatories on the grounds that the Interrogatories were irrelevant,

9

excessively over broad and burdensome, *Garrity* privilege, and the City of Gary will need to review each document to determine if it contains the requested information.

First, in regards to the objection that the Interrogatories are irrelevant, excessively over broad and burdensome, aside from making these general objections, Defendant City of Gary has failed to provide reasoning supporting that these objections apply. Further, the City of Gary has failed to show how the *Garrity* privilege applies to the information sought through Interrogatories Nos. 14 and 15. This privilege protects statements made under the threat of discharge from public office from use against the employee in subsequent criminal proceedings. *Garrity v. New Jersey*, 385 U.S. 493 (1967). Other than generally invoking this privilege, the City of Gary has failed to offer any explanation as to how this privilege applies.

Further, to the extent that the City of Gary represents that it will need to physically look through each document to see if it contains the requested information, and that it will need time for any compilation of any training records or civilian complaints encompassing more than five years, the Court notes that the City of Gary has had several months to produce the information and has been ordered to provide the requested information by the Court's May 5, 2009, and July 27, 2009 Orders. Yet, Defendant City of Gary has failed to do so. Plaintiff indicates in the instant Motion that he is willing to limit the time period of the Interrogatories Nos. 13-15 to June 2002 through the present and Interrogatory No. 16 to June 24, 2002, through June 24, 2007. Accordingly, the Court grants the instant Motion to the extent that Plaintiff requests that Defendant City of Gary supplement its responses to Interrogatories Nos. 13, 14, 15, and 16, for the indicated time periods.

*6. Request for Production No. 19*

As part of Plaintiff's First Set of Requests for Production No. 19, Plaintiff requests all physical evidence relating to any of the allegations in Plaintiff's Complaint or Defendant's defenses. In particular, Plaintiff represents that it seeks production of the two screwdrivers that Plaintiff allegedly

10

possessed, as indicated in his Arrest Report, or entry onto land pursuant to Federal Rule of Civil Procedure 34(a)(2) to inspect and photograph the screwdrivers. In a letter dated September 14, 2009, Plaintiff made this request to Defendant City of Gary, including a request for documents related to the inventory and chain of custody related to the screwdrivers. Plaintiff represents that Defendant City of Gary has yet to respond to this request.

Rule 34(a)(2) provides that a party may serve any other party with a request within the scope of Rule 26(b) to "permit entry onto designated land or other property . . . so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). In her September 14, 2009 letter, Plaintiff's counsel requested that the screwdrivers be produced or that Plaintiff be permitted entry onto Defendant's property to inspect and photograph the screwdrivers during the weeks of October 5, 12, and 19, 2009. Further Plaintiff's counsel requested inventory and chain of custody documents related to the screwdrivers by September 18, 2009. However, Plaintiff did not receive a response. The Court finds that Plaintiff's request to inspect the screwdrivers and inventory and chain of custody documents is relevant under Rule 26 as to whether Plaintiff possessed the screwdrivers at the time of the incidents underlying the instant suit and is relevant to whether the amount of force used by the Defendant Officers was reasonable under the circumstances. *See Browell v. Davidson*, 595 F. Supp. 2d 907, 917 (N.D. Ind. 2009) (providing that whether excessive force has been used depends on the totality of the circumstances surrounding the encounter). Further, the Plaintiff's request describes with reasonable particularity the item or category of items to be inspected, and specifies a reasonable time, place, and manner for the inspection. *See* Fed. R. Civ. P. 34(b)(1).

Accordingly, the Court grants the instant Motion to the extent that Plaintiff requests an order permitting him to inspect and photograph the screwdrivers as well as production of all inventory and chain of custody documents related to the two screwdrivers.

### B. Plaintiff's Request for a Show Cause Order

Given that Plaintiff represents that Defendants Blood and Givens have failed to respond to any of the Interrogatories or Requests for Production propounded by the Plaintiff, and the Defendant City of Gary has failed to supplement its responses or produce responsive documents as ordered by this Court, and Defendant City of Gary has provided deficient discovery responses, despite the Court's May 5, 2009 and July 27, 2009 Orders, the Court grants Plaintiff's request for Defendants to show cause why they should not be sanctioned for failure to comply with the Court's Orders.

### C. Plaintiff's Request for an Extension of the Expert Discovery Deadline

The expert discovery deadline in this matter is currently set for November 5, 2009. In the instant Motion, Plaintiff represents that in order to prove his *Monell* claim, he intends to have an expert conduct a review of the City of Gary's response to citizen complaints filed against its officers to determine if the City adequately polices itself with respect to officers accused of excessive force. In light of the Defendants' delay in responding to discovery, Plaintiff represents that it will be unable to meet the November 5, 2009 deadline and will require an additional sixty days from the date the City of Gary produces its responses to Plaintiff's Requests for Production Nos. 29-34 and responsive documents.

Given the delay in this matter caused by the Defendants' failure to comply with this Court's Orders, the Court finds that the Plaintiff has established good cause for extending the discovery deadline. *See* Fed. R. Civ. P. 6(b). Accordingly, the Court grants the instant Motion to the extent that it requests an extension of the expert discovery deadline.

## CONCLUSION

Having reviewed the Motion, the Court hereby **GRANTS in part and denies in part** the Plaintiff's Motion for a Rule to Show Cause, to Compel Discovery, and for an Extension of Time [DE

26]. The Court **DENIES**, without prejudice, the Motion to the extent that it requests that Defendant City of Gary supplement its response to Interrogatory No. 17. However, the Court **GRANTS** the Motion as to the remainder of the requested relief and hereby **ORDERS:**

(1) Defendants to appear, by counsel Carl C. Jones, <u>in person</u> before this Court on **November 24, 2009, at 9:00 a.m.**, (C.S.T.), 5400 Federal Plaza, Hammond, Indiana, Magistrate Courtroom 5, Suite 3500, to show cause and explain why they have failed to provide responsive discovery responses, in compliance with this Court's May 5, 2009, and July 27, 2009 Orders;

(2) Defendant City of Gary to supplement its responses, as indicated in this Opinion and Order, to Plaintiff's First Set of Interrogatories Nos. 6, 7, 9, and 12 through 16, by **December 1, 2009**;

(3) Defendant City of Gary to supplement its response to Plaintiff's First Set of Requests for Production No. 19 and produce responsive documents related to the chain of custody and inventory of the two screwdrivers, by **December 1, 2009**;

(4) Defendant City of Gary shall permit Plaintiff to inspect and photograph the two screwdrivers at a time and location to be agreed upon by the parties;

(5) As part of the Court's July 27, 2009 Opinion and Order, Defendant City of Gary was ordered to produce responsive documents to Plaintiff's First Set of Requests for Production Nos. 29 through 34. The Court **ORDERS** the Defendant City of Gary to produce responsive documents to Requests for Production Nos. 29 through 34 by **December 1, 2009**; and

(6) The expert discovery deadline is extended through **February 1, 2010**.

SO ORDERED this 2nd day of November, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record.